IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE DAMOND JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-37-L-BN |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyle Damond Jones, formerly incarcerated at the Dallas County jail, brings this *pro se* action against Dallas County asserting that his detention from September 2018 to March 2019 violated his right to due process and equal protection because, even though he was a detainee "awaiting trial," the County treated him "the exact same way as convicted inmates." Dkt. No. 3.

United States District Judge Sam A. Lindsay has referred Jones's civil rights suit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Jones leave to proceed *in forma pauperis* (IFP). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice for the reasons and to the extent outlined below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily

dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2

Case 3:21-cv-00037-L-BN Document 7 Filed 01/12/21 Page 3 of 10 PageID 19

(citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a

- 3 -

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Because Jones brings his claims under 42 U.S.C. § 1983 against Dallas County, a municipality, based on its alleged policy of housing pretrial detainees with convicted prisoners, Dallas County may only "be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 694 (1978); citation omitted). That is, "[t]here is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting, in turn, *Monell*, 436 U.S. at 691)).

To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). But, even if Jones could show that an official policy promulgated by Dallas County was the moving force behind the harm he alleges, he has not plausibly alleged a constitutional violation.

"The Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

> To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class[,]" *Williams*, 180 F.3d at 705 (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citation modified).

Jones has not alleged a plausible violation under the protected-class prong, as neither inmates nor detainees are "considered a protected class for equal-protection

purposes." *Lehal v. United States*, No. 13CV3923 (DF), 2015 WL 9592706, at *21 n.22 (S.D.N.Y. Dec. 29, 2015) (citations omitted); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) (recognizing that prisoners are not a suspect class)[1]; *cf. ODonnell v. Harris Cnty.*, 892 F.3d 147, 161 (5th Cir. 2018) ("It is true that, ordinarily, '[n]either prisoners nor indigents constitute a suspect class.' But the Supreme Court has found that heightened scrutiny is required when criminal laws detain poor defendants *because of* their indigence." (citations omitted)).

And Jones has not alleged a plausible class-of-one violation, which requires that a plaintiff allege facts to "'show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment.'" *Rountree v. Dyson*, 892 F.3d 681, 685 n.10 (5th Cir. 2018) (quoting *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing, in turn, *Olech*, 528 U.S. at 564)). All Jones has alleged is that he, as a pretrial detainee, was treated similarly to convicted prisoners. He alleges no facts to demonstrate that, for no rational basis, he was intentionally treated differently than other inmates at the jail. *See, e.g.*, Dkt. No. 3 at 2-3 (alleging that he was placed on suicide watch but providing no facts to show that he was treated differently than a similarly-situated

---

[1] *See also Brown v. Tromba*, No. 2:17-cv-02396-APG-PAL, 2019 WL 3294803, at *8 (D. Nev. Feb. 7, 2019) ("The Supreme Court has held that race, national origin, religion, alienage (non-citizenship), and gender are protected classes. *E.g.*, *Clark v. Jeter*, 488 U.S. 456, 461 (1988); *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724–25 (1982); *City of New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976). Pretrial detainees or prisoners convicted of crimes do not constitute a suspect class for equal protection purposes." (citations omitted)), *rec. accepted*, 2019 WL 3291524 (D. Nev. July 22, 2019).

inmate placed on suicide watch); *cf. Rountree*, 892 F.3d at 685 ("Alternatively, Rountree's equal-protection claim fails because he did not sufficiently allege that he has been treated differently from others similarly situated. His complaint generally alleges that other similarly situated individuals were treated differently, but he points to no specific person or persons and provides no specifics as to their violations. Though we take factual allegations as true at the Federal Rule of Civil Procedure 12(b)(6) stage, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' An allegation that others are treated differently, without more, is merely a legal conclusion that we are not required to credit. Rountree's equal protection claim fails." (citation and footnotes omitted)).

In sum, Jones's failure to identify a protected class or allege that, for no rational basis, he was intentionally treated differently than others similarly situated subjects his equal protection claim to dismissal for failure to state a claim on which relief may be granted. *See, e.g.*, *Cato v. Watson*, 212 F. App'x 258, 260 (5th Cir. 2006) (per curiam) (affirming dismissal of an equal protection claim where the plaintiff failed to either "identify any suspect class of which he is a member" or "challenge the district court's determination that he must show that he was discriminated against based on a suspect classification in order to establish an equal protection violation" (citing *Williams*, 180 F.3d at 705)).

Jones also has not alleged a plausible due process claim in the context of his current allegations "because the Due Process Clause does not provide prisoners with a protected liberty interest in being housed in a particular facility." *Armendariz-Mata*

*v. Lappin*, 157 F. App'x 767, 2005 WL 3420114, at *1 (5th Cir. 2005) (per curiam) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

For these reasons, the Court should dismiss the claims as currently pled. But, because Jones is proceeding *pro se*, the Court should offer him one opportunity to amend, to the extent that he believes he can allege a plausible constitutional violation against Dallas County as a municipality.

## Recommendation

The Court should dismiss Plaintiff Kyle Damond Jones's complaint without prejudice to his filing within a reasonable time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined in these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE