IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE DAMOND JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-37-L-BN |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyle Damond Jones, formerly incarcerated at the Dallas County jail, brings this *pro se* action against Dallas County asserting that his detention from September 2018 to March 2019 violated his right to due process and equal protection because, even though he was a detainee "awaiting trial," the County treated him "the exact same way as convicted inmates." Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Jones's civil rights suit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

On January 12, 2021, the Court granted Jones leave to proceed *in forma pauperis* [Dkt. No. 6] and entered findings of fact and conclusions of law recommending that the Court should dismiss the complaint without prejudice to Jones's filing within a reasonable time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined [Dkt. No. 7] (the Initial FCR).

Jones objected to the Initial FCR and moved to amend. *See* Dkt. Nos. 8 & 9.

On April 2, 2021, Judge Lindsay overruled Jones's objections, dismissed his complaint without prejudice, ordered that he file an amended complaint by April 30, 2021, and denied as moot his motion to amend. *See* Dkt. No. 10.

One week later, Jones submitted a filing styled as seeking clarification, requesting an unspecified extension of time. *See* Dkt. No. 11. And, on April 19, 2021, the Court entered an order explaining that, "[i]nsofar as Jones now questions the Court's authority or basis for the dismissal of his original complaint, his questions are answered in the [Initial] FCR and the Court's order accepting it. His request for an unspecific extension of time to file an amended complaint while he seeks further explanation from the Court [Dkt. No. 11] is therefore DENIED." Dkt. No. 12.

On April 30, Jones filed a Motion to Amend, which is not an amended complaint but a filing in which he elects to insult the Court. *See* Dkt. No. 13.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that for the reasons explained in the Initial FCR, set out below, that the Court dismiss this case with prejudice.

As explained in the Initial FCR, Jones has sued Dallas County, a municipality, under 42 U.S.C. § 1983 based on its alleged policy of housing pretrial detainees with convicted prisoners. Dallas County may only "be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted). That is, "[t]here is no

vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting, in turn, *Monell*, 436 U.S. at 691)).

To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

But Jones neither identifies an official policy promulgated by Dallas County that he claims is the moving force behind the harm he now alleges nor plausibly alleges a constitutional violation.

"The Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

> To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) "a state actor intentionally discriminated against [him] because of membership in a protected class[,]" *Williams*, 180 F.3d at 705 (citation omitted), or (b) he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citation modified).

Jones has not alleged a plausible violation under the protected-class prong, as neither inmates nor detainees are "considered a protected class for equal-protection

purposes." *Lehal v. United States*, No. 13CV3923 (DF), 2015 WL 9592706, at \*21 n.22 (S.D.N.Y. Dec. 29, 2015) (citations omitted); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) (recognizing that prisoners are not a suspect class)[1]; *cf. ODonnell v. Harris Cnty.*, 892 F.3d 147, 161 (5th Cir. 2018) ("It is true that, ordinarily, '[n]either prisoners nor indigents constitute a suspect class.' But the Supreme Court has found that heightened scrutiny is required when criminal laws detain poor defendants *because of* their indigence." (citations omitted)).

And Jones has not alleged a plausible class-of-one violation, which requires that a plaintiff allege facts to "'show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment.'" *Rountree v. Dyson*, 892 F.3d 681, 685 n.10 (5th Cir. 2018) (quoting *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing, in turn, *Olech*, 528 U.S. at 564)). All Jones has alleged is that he, as a pretrial detainee, was treated similarly to convicted prisoners. He alleges no facts to demonstrate that, for no rational basis, he was intentionally treated differently than other inmates at the jail. *See, e.g.*, Dkt. No. 3 at 2-3 (alleging that he was placed on suicide watch but providing no facts to show that he was treated differently than a similarly-situated

---

[1] *See also Brown v. Tromba*, No. 2:17-cv-02396-APG-PAL, 2019 WL 3294803, at \*8 (D. Nev. Feb. 7, 2019) ("The Supreme Court has held that race, national origin, religion, alienage (non-citizenship), and gender are protected classes. *E.g.*, *Clark v. Jeter*, 488 U.S. 456, 461 (1988); *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724–25 (1982); *City of New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976). Pretrial detainees or prisoners convicted of crimes do not constitute a suspect class for equal protection purposes." (citations omitted)), *rec. accepted*, 2019 WL 3291524 (D. Nev. July 22, 2019).

inmate placed on suicide watch); *cf. Rountree*, 892 F.3d at 685 ("Alternatively, Rountree's equal-protection claim fails because he did not sufficiently allege that he has been treated differently from others similarly situated. His complaint generally alleges that other similarly situated individuals were treated differently, but he points to no specific person or persons and provides no specifics as to their violations. Though we take factual allegations as true at the Federal Rule of Civil Procedure 12(b)(6) stage, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' An allegation that others are treated differently, without more, is merely a legal conclusion that we are not required to credit. Rountree's equal protection claim fails." (citation and footnotes omitted)).

In sum, Jones's failure to identify a protected class or allege that, for no rational basis, he was intentionally treated differently than others similarly situated subjects his equal protection claim to dismissal for failure to state a claim on which relief may be granted. *See, e.g.*, *Cato v. Watson*, 212 F. App'x 258, 260 (5th Cir. 2006) (per curiam) (affirming dismissal of an equal protection claim where the plaintiff failed to either "identify any suspect class of which he is a member" or "challenge the district court's determination that he must show that he was discriminated against based on a suspect classification in order to establish an equal protection violation" (citing *Williams*, 180 F.3d at 705)).

Jones also has not alleged a plausible due process claim in the context of his current allegations "because the Due Process Clause does not provide prisoners with a protected liberty interest in being housed in a particular facility." *Armendariz-Mata*

*v. Lappin*, 157 F. App'x 767, 2005 WL 3420114, at *1 (5th Cir. 2005) (per curiam) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

For these reasons, because the Court notified Jones of these deficiencies, providing him an opportunity to amend, and because Jones elected not to file an amended complaint addressing these deficiencies, thus indicating that there is no reason to justify granting him further leave to amend his claims, the Court should now dismiss this case with prejudice. *See, e.g.*, *Hutcheson v. Dallas Cnty., Tex.*, ___ F.3d ___, No. 20-10383, 2021 WL 1344002, at *5 (5th Cir. Apr. 12, 2021) ("The district court already provided them an opportunity to amend, however, and the amended complaint is still deficient. Moreover, the plaintiffs do not indicate how they would cure their complaint if given another chance to amend. Thus, the district court did not abuse its discretion in denying leave to file a second amendment." (citing *Benfield v. Magee*, 945 F.3d 333, 339-40 (5th Cir. 2019))).

**Recommendation**

The Court should dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE