IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KYLE DAMOND JONES, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:21-CV-37-L-BN** |
| DALLAS COUNTY, | § | |
| Defendant. | § | |

## ORDER

On January 12, 2021, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report I") (Doc. 7) was entered, determining that Plaintiff had failed to state valid claims upon which relief could be granted. Given Plaintiff's pro se status, Report I also recommended that court dismiss without prejudice his claims for alleged constitutional violations, brought pursuant to 42 U.S.C. § 1983, and allow him to amend his pleadings. On April 2, 2021, the court accepted the magistrate findings and conclusions and dismissed without prejudice Plaintiff's claims, but allowed him to amend his pleadings to correct the deficiencies noted in Report I. The court ordered that any amended complaint by Plaintiff must be filed by April 30, 2021.

Instead of filing an amended complaint by this date, Plaintiff filed a Motion to Amend his pleadings, which is more akin to a rambling rant of personal attacks and accusations against judges, judicial employees, and the judicial system. On May 4, 2021, the magistrate judge entered additional Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report II") (Doc. 14), recommending again that Plaintiff's claims be dismissed with prejudice for failure to cure the deficiencies noted in Report I. The magistrate judge further recommended

**Order – Page 1**

that the court not give Plaintiff another opportunity to amend his pleadings, given his decision to not file an amended complaint by April 30, 2021.

Plaintiff filed objections to the Report on May 13, 2021 (Doc. 15), in which he similarly accuses the court and magistrate judge of various alleged ethics violations and requests that his case be assigned to another judge. Instead of seeking an extension to file an amended complaint or explaining why he was unable to file an amended complaint by April 30, 2021, Plaintiff, as before, disagrees with the magistrate judge's conclusion that he has failed to allege any legally viable claims, and continues to maintain that his claims as alleged are sufficient to state claims upon which relief can be granted.

The court disagrees with Plaintiff for the reasons stated by the magistrate judge in Reports I and II and, therefore, **overrules** his objections and **denies** his request to reassign or transfer this case to another judge. Normally, the court would dismiss without prejudice an action under Federal Rule of Civil Procedure 41(b) when a plaintiff fails to prosecute or comply with a court order. Here, however, because Plaintiff has refused to file an amended complaint by the deadline set by the court after being advised of the deficiencies in his pleadings and after being given an opportunity to amend, the court determines that the magistrate judge is correct that any further attempts at amendment, whether in this case or a subsequently filed case, would be futile given Plaintiff's steadfast insistence that his claims as pleaded are sufficient. Plaintiff's Motion to Amend fares no better for the reasons explained. Accordingly, the court **denies** Plaintiff's Motion to Amend (Doc. 13) as frivolous.

Having considered the pleadings, record in this case, and Report II, and having conducted a de novo review of that portion of Report II to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of

the court. The court, therefore, **vacates** its prior order (Doc. 10), but only to the extent it dismissed without prejudice Plaintiff's claims, and it **dismisses with prejudice** all claims asserted by Plaintiff in this action for failure to state any valid claims upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court incorporates by reference Reports I and II (Docs. 7, 14). *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on these Reports, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of May, 2021.

Sam A. Lindsay
United States District Judge