IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE DAMOND JONES, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-37-L-BN |
| DALLAS COUNTY, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER ON POST-REMAND SCREENING, GRANTING LEAVE TO AMEND, SPECIFYING FURTHER ACTION BY THE CLERK, AND REQUIRING SERVICE BY THE MARSHAL**

The United States Court of Appeals for the Fifth Circuit reversed the Court's judgment dismissing Plaintiff Kyle Damond Jones's complaint and remanded, concluding that "Jones has sufficiently alleged a due process claim because he alleged he was a pretrial detainee who was not separated from convicted detainees when security and space in the County permit separation." *Jones v. Dall. Cnty.*, No. 21-10617, 2022 WL 3334493 (5th Cir. Aug. 12, 2022) (citing *Jones v. Diamond*, 636 F.2d 1364, 1376 (5th Cir. Jan. 1981) (en banc), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986) (en banc)).

The Fifth Circuit entered judgment and issued its mandate, *see* Dkt. No. 23, and United States District Judge Sam A. Lindsay "recommit[ted] this action to the undersigned United States magistrate judge for further screening and proceedings consistent with the Fifth Circuit's opinion and instructions," Dkt. No. 24; *see also* 28 U.S.C. § 636(b).

On September 8, 2022, the Court entered an order laying out legal standards

applicable to civil rights claims against a municipality, such as the County, requiring that Jones file an amended complaint. *See* Dkt. No. 25. The same day, the Clerk docketed Jones's Motion to Amend Complaint [Dkt. No. 26], and, consistent with the order entered September 13, 2022 [Dkt. No. 27], Jones filed a second motion to amend on September 14, 2022, explaining that his amended complaint is incorporated into the second motion, *see* Dkt. No. 28.

"A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

At the pleading stage, a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

So, "[i]n municipal-liability cases," the threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation). *Cf. Jones*, 2022 WL 3334493, at *3 n.3 ("granting Jones leave to file an amended complaint" and observing that the Court's "first dismissal did not put him on notice that his claim might have failed on *Monell* grounds").

> A plaintiff may proceed on a *Monell* claim only by
>
> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Solely for the purpose of screening, the Court finds that Jones has alleged liability based on what he claims to be the official policy of the County. *Cf. Jones*, 2022 WL 3334493, at *3 ("[U]nder a liberal construction of his complaint and subsequent filings, [Jones] has made clear that his claim is brought under the due process clause, that he, as a pretrial detainee, was not separated from convicted detainees, and that the remedy is to separate pretrial detainees from convicted detainees. He also alleges the County has the space and facilities to separate pretrial detainees from convicted detainees. These allegations are sufficient to allege a due process claim that withstands screening under 28 U.S.C. § 1915(e)(2)(B)(ii)."); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 n.5 (5th Cir. 2017) ("In affirming the district court's dismissal, we do not rely on the district court's observation that 'the housing of convicted inmates with pretrial detainees is not per se unconstitutional.' Housing pretrial detainees with DOC inmates is a violation of

their rights 'unless such a practice is reasonably related to the institution's interest in maintaining jail security or physical facilities do not permit their separation.' *Diamond*, 636 F.2d at 1374. Alderson has alleged a violation of the rule against housing pretrial detainees with DOC inmates, <u>and nothing suggests that an exception to the rule applies</u>." (emphasis added)).

The Court will therefore GRANT the motions to amend [Dkt. Nos. 26, 28] and SERVE this action on the County. And, because the Court previously granted Jones leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915, *see* Dkt. Nos. 6, 7, the Court now ORDERS, under Section 1915(d) and Federal Rules of Civil Procedure 4(c)(3) and 4(j)(2), that the Clerk of the Court issue summons and that the United States Marshal serve process (to include Dkt. Nos. 3, 22, 25-28) as follows:

> **Dallas County Judge Clay Jenkins**
> 500 Elm Street, Suite 7000
> Dallas, TX 75202

A courtesy copy of this order shall be provided to:

> J.G. Schuette
> Dallas County District Attorney
> Federal Litigation Division
> 500 Elm Street, Suite 6300
> Dallas, TX 75202
> Email: jason.schuette@dallascounty.org

After docketing of this order, this case will remain referred to the undersigned for further pretrial management.

SO ORDERED.

DATED: September 16, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE