IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KYLE DAMOND JONES,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:21-CV-37-L-BN** |
| **DALLAS COUNTY,** | § § § | |
| Defendant. | § § | |

# ORDER

On April 8, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 51) was entered, recommending that the court grant Defendant Dallas County's Motion for Summary Judgment ("Motion") (Doc. 43) and dismiss with prejudice *pro se* Plaintiff Kyle Damond Jones's sole due process claim for failure to come forward with evidence to raise a genuine dispute of material fact regarding the constitutionality of Dallas County's policy for classifying and housing pretrial detainees. For the reasons herein explained, the court agrees with the magistrate judge and **grants** Dallas County's Motion (Doc. 43).

**I.     Discussion**

The magistrate judge's determination that Plaintiff's due process claim regarding his housing situation as a pretrial detainee is the only claim presently before the court was based on: (1) the Fifth Circuit's conclusion on appeal that Plaintiff "had sufficiently alleged a due process claim because he alleged that he was a pretrial detainee who was not separated from convicted detainees when security and space in the County permit separation";[1] and (2) the amended pleading filed by Plaintiff upon remand, which "realleg[es] just a due process claim." Report 8.

---

[1] Report 7 (quoting *Jones v. Dallas Cnty.*, No. 21-10617, 2022 WL 3334493, at *1 (5th Cir. Aug. 12, 2022)).

**Order – Page 1**

While Plaintiff's allegations of claims in this proceeding before his appeal to the Fifth Circuit were a "moving target," the magistrate judge determined that his "post-remand amended complaint . . . is the operative complaint and encompasses the universe of claims that [he] now brings in this lawsuit." *Id.* No objections to the Report were filed, and the deadline for filing objections has expired. The court, nevertheless, takes this opportunity to address two matters: (1) the sur-reply (Doc. 50) filed by Plaintiff in which he argues that his due process claim regarding his housing situation as a pretrial detainee—the sole claim on which Defendant moved for summary judgment—is not his only claim; and (2) whether Dallas County's policy deprived Plaintiff of due process under the Fourteenth Amendment to the United States Constitution

**A. Plaintiff's Unauthorized Sur-Reply and Scope of Claims Before the Court**

Briefing on Defendant's Motion was complete on November 21, 2023, when Defendant filed its reply brief. *See* L.R. 7.1 (setting response deadline of twenty-one days after the filing of a motion and a reply deadline of fourteen days after the filing of a response). Sixteen days later after Defendant filed its reply, Plaintiff filed a sur-reply on December 7, 2023, in which he states as follows:

> This is an unprecedented issue. I am offended by the county choosing an incompetent and unethical attorney who is trying to make a mockery of the Justice system by using cronyism to stop a jury of my peers judging the merit[s].
>
> Issues like being denied religious service and denied free medical rights are clear issues. The attorney should be disbarred for ethics for alleging that I have not brought up issues for litigation. Ethics are a standard for someone to maintain employment in that field.
>
> Also, there's no brief as promised. So the incompetence is further proven as reasonable.

Pl.'s Sur-reply 1 (Doc. 50).[2]

---

[2] It is not clear what is meant here by Plaintiff's assertion that "there's no brief as promised." *Id.*

**Order – Page 2**

The Report notes that Plaintiff's sur-reply was unauthorized and thus not considered by the magistrate judge. Report 2 (citing *Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021) (observing that, because neither this Court's local rules nor the Federal Rules of Civil Procedure authorize sur-replies "as a matter of right, the district court only accepts such filings 'in exceptional or extraordinary circumstances'") (quoting *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)). In *Lacher*, the undersigned explained as follows regarding sur-replies:

> Once a motion is filed, th[is district's] Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances.

*Id.* This district is not alone in its treatment of sur-replies. *See Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing cases). To establish that exceptional or extraordinary circumstances warranting a sur-reply exist, a party seeking leave to file a sur-reply ordinarily must show that a new issue, theory, argument, or evidence was raised or relied on for the first time in the movant's reply brief or in connection with the reply brief. *Id.*; *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397-P, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003). Such circumstances arise infrequently, as the scope of a reply is limited to addressing arguments raised in the movant's initial motion and brief because it would be unfair for the movant "to sandbag and raise wholly new issues in a reply." *Weems*, 2011 WL 2731263, at *1. For similar reasons, "arguments raised for the first time in a Reply brief are [generally] waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citation omitted).

Here, Plaintiff did not seek or obtain leave of court to file his sur-reply; nor does his sur-reply itself establish the existence of exceptional or extraordinary circumstances warranting the

Order – Page 3

sur-reply. Like most of Plaintiff's prior filings in this case that have been replete with baseless assertions regarding Defendant's, defense counsel's, the undersigned's, and the magistrate judge's alleged bias, competence, and misconduct,[3] this sur-reply also includes a personal attack against defense counsel that is unsupported and does not assist the court in resolving Defendant's Motion. Plaintiff's frustration with the proceedings in this lawsuit is evident and appears to stem from his fundamental misunderstanding of the substantive law that applies in this case and the rules and procedures that govern all federal civil proceedings. This frustration, however, does not support a finding of exceptional or extraordinary circumstances warranting consideration of his sur-reply or the unsubstantiated insults contained in that sur-reply in ruling on Defendant's Motion.

Plaintiff also contends in his sur-reply that he has pending claims for denial of "religious service" and "free medical rights." Pl.'s Sur-reply 1. He, therefore, takes issue with Defendant's argument that only his due process claim regarding his housing situation as a pretrial detainee is now before the court. This issue, however, was initially raised and briefed at length in Defendant's summary judgment brief. *See* Doc. 45 at 12-15. Thus, Plaintiff had an opportunity to address this specific argument by Defendant in responding to Defendant's Motion.

Most of Plaintiff's three-page summary judgment response, however, focuses on irrelevant matters such as his opinion regarding defense counsel's competence and professionalism and his conclusory assertion that Dallas County is a fundamentally flawed institution.

In addition, Plaintiff argues that the following two issues "meet the criteria for litigation":

> The county of Dallas has reasonably proven that it is incapable of balancing petty duties with meeting responsibilities of civil rights and being 100% compliant

---

[3] On appeal, the Fifth Circuit denied Plaintiff's request to be transferred to another judge and concluded that his allegations of district court and magistrate judge bias and incompetence were attributable to his dissatisfaction and disagreement with adverse rulings, which is not a valid ground for recusal. *See Jones v. Dallas Cnty.*, 2022 WL 3334493, at *3 n.2 (citations omitted).

**Order – Page 4**

with the tone of the constitution by not organizing jail facilities within their control to[:]

1. **Separate detainees from inmates**. This issue is unprecedented so incompetence from a remedial grasp of law has caused a misunderstanding. Case law that do[es] not fit the specifics [is] redundant and unprofessional.

2. **My religious freedom was hampered** by not being allowed Jewish services. **Religion and medical are not a[]part of diminished rights for incarcerated individuals.** I have presented logic that a reasonable person with average intelligence could deduce . . . that Dallas county is incompetent and has **violated inmates['] rights by making religion and medical a diminished right**. The issue is further exasperated by the main issue of the county showing no difference between inmates already convicted and detainees awaiting trial.

**This is an issue that meets the criteria for litigation.** It is unprecedented and is demanding answers to questions regarding immunity. I attest that any individual or entity performing duties on behalf of the United States of America must have perfectly performed said duties before immunity kicks in. The burden is on a bad actor (rather an entity such as a county or an individual) to explain the rationale of a strong immunity that protects against incompeten[ce] because that contradicts the concept of checks and balances.

It is within reasonable doubt for a fundamentally flawed institution with infrastructure issues like Dallas county to be too incompetent to meet duties required by the constitution and civil rights. It is also [a] reasonable assumption that they will hire incompetent individuals in roles such as attorney, city planner and other decision makers.

Pl.'s Resp. 1-2 (Doc. 48) (emphasis added).

This argument by Plaintiff again demonstrates his misunderstanding regarding the difference between the substantive law governing the factual and legal sufficiency of a plaintiff's claims as pleaded and the rules that apply to proceedings in the district court on remand and at the summary judgment stage. It is apparent from Plaintiff's summary judgment response that, in his view, he has three pending claims, including: (1) a due process claim regarding his housing situation as a pretrial detainee; (2) a claim for denial of his right or inmates' rights to medical care; and (3) a First Amendment claim based in "religious freedom." *Id.* Plaintiff's response, however,

does not directly address Defendant's procedural reasons for arguing that his only claim on remand is his due process claim regarding his housing situation as a pretrial detainee.

Additionally, Plaintiff does not argue in his sur-reply that this issue (regarding which of his claims is before the court) is new. To the contrary, the issue was first raised in Defendant's summary judgment brief, and Plaintiff responded that he has three claims before the court. Thus, the assertion in Defendant's reply—that "**Plaintiff [i]ncorrectly [c]ontinues to [a]ssert that [o]ther [c]laims are [b]efore the [c]ourt,**" and his "Response does not attempt to demonstrate how such claims [denial of medical care], or his First Amendment claims, are viable following the remand of the case from the Fifth Circuit"—was not a new argument and did not justify the sur-reply by Plaintiff. Def.'s Reply. 6.

Moreover, lower courts on remand are limited to "only those discrete, particular issues identified by the appeals court." *United States v. McCrimmon*, 443 F.3d 454, 460 (5th Cir. 2006) (quotation marks omitted). In this regard, the Fifth Circuit has explained that:

> "The mandate rule requires a district court on remand to effect our mandate and to do nothing else." Further, on remand the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." "In implementing the mandate, the district court must 'take into account the appellate court's opinion and the circumstances it embraces.'" Because the mandate rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."

*General Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (internal citations omitted).

Plaintiff filed only one Complaint (Doc. 1), but sprinkled throughout a number of the documents he filed in this case before the court dismissed with prejudice this action were allegations regarding due process violations stemming from his housing as a pretrial detainee,

Order – Page 6

equal protection, false imprisonment, the denial of medical care, and the denial of freedom to practice his Jewish religion. These allegations, however, were often overshadowed by the hyperbole and insults in virtually every document filed by Plaintiff, making it difficult to parse out the precise nature of his claims. In dismissing this action, the magistrate judge recommended, and the court agreed, that Plaintiff had failed to state plausible claims for false imprisonment and due process and equal protection violations. *Jones*, 2022 WL 3334493, at *1.

Based on its liberal construction of Plaintiff's *pro se* pleadings and subsequent filings, the Fifth Circuit concluded that Plaintiff had plausibly alleged a due process claim with respect to his pretrial detainee housing situation. The Fifth Circuit, therefore, reversed and remanded the case for further proceedings consistent with its opinion regarding Plaintiff's due process claim. *Jones*, 2022 WL 3334493, at *2-3. The Fifth Circuit also ordered that Plaintiff should be granted leave to file an amended complaint if the court determined that his pleadings failed on *Monell* grounds:

> [B]ecause the magistrate judge concluded Jones had not plausibly alleged a constitutional violation, he only assumed without deciding that Jones sufficiently alleged the County's liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We leave it to the magistrate judge and district court to decide this issue in the first instance. We note only that if Jones's allegations are deficient in this regard, Jones should be granted leave to amend his complaint because the district court's first dismissal did not put him on notice that his claim might have failed on *Monell* grounds.

*Id.* at *3 n.3.

The Fifth Circuit, however, did not say that Plaintiff would be allowed to allege any new claims or resurrect prior claims on remand in an amended pleading. More importantly, it concluded that Plaintiff had abandoned his other claims that were dismissed or not addressed by the undersigned or the magistrate judge, including a First Amendment claim raised in a motion to amend, because he did not brief or did not adequately brief the dismissal or oversight of these additional claims and thus failed to preserve any arguments he may have had regarding them. *Id.*

Order – Page 7

at *3 n.3.  The court, therefore, agrees with the magistrate judge and Defendant that the only claim on remand presently before the court is Plaintiff's due process claim that is based on his allegations regarding the manner in which he was housed as a pretrial detainee. Any other claims, including Plaintiff's previously abandoned claims, fall outside of the Fifth Circuit's mandate in this case.

The "Amended Pleading" that Plaintiff was allowed to file after this case was remanded includes allegations regarding his due process claim and the *Monell* issue referenced in the Fifth Circuit's opinion.  It also alleges that Dallas County violated his "religious freedom," which was the basis for his abandoned First Amendment claim. Doc. 28 at 1. The "Amended Pleading" says nothing about denial of medical care, and his prior appeal did not address this claim. Consequently, this claim was also abandoned and cannot be revived on remand via Plaintiff's summary judgment response or sur-reply.  Further, in not objecting to the Report, Plaintiff **waived** any objection he may have had regarding the magistrate judge's decision not to consider his unauthorized sur-reply and determination that only his due process claim was properly before the court.

### B.  No Evidence Dallas County's Policy Deprived Plaintiff of Due Process

The question regarding Dallas County is not whether a policy existed but whether the policy caused Plaintiff to be deprived of due process under the Fourteenth Amendment to the United States Constitution.  Accordingly, the court briefly sets forth the standard for municipal liability. A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc).

To defeat summary judgment, Mr. Jones must set forth evidence from which the court can conclude that he has raised a genuine dispute of material fact that Dallas County had "(1) an official policy; (2) promulgated by the municipal policymaker; (3) [that] was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

Plaintiff has failed to carry his burden of establishing that Dallas County's policy was the moving force behind a constitutional injury. Having so failed, Plaintiff is not entitled to a trial on the merits of this claim despite his contention and misunderstanding to the contrary. At this stage of the litigation, more is required than plausible allegations of an alleged constitutional due process violation. At the summary judgment stage, Plaintiff is required to come forward with evidence to raise a genuine dispute of material fact. As he has not done so, Dallas County is entitled to judgment as a matter of law on his due process claim. Further, in not objecting to the Report, Plaintiff **waived** any objection to the magistrate judge's recommended disposition of his due process claim.

## II. Conclusion

Having considered Defendant's Motion, evidence, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Stated succinctly, Plaintiff failed to raise a genuine dispute of material fact that Dallas County's policy for classifying and housing pretrial detainees violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Accordingly, Dallas County is entitled to judgment as a matter of law, and the court **grants** Defendant's Motion (Doc. 43) and **dismisses with prejudice** Plaintiff's due process claim. For the reasons already explained, this claim is the only remaining claim by Plaintiff on remand that is before the court, and, even if the court considered Plaintiff's unauthorized sur-reply, it would reach the same conclusion.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 6th day of May, 2024.

Sam A. Lindsay
United States District Judge